UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHAWN CRISP, # 14021-040,

        Petitioner,

v.

        Case Number: 20-11538
        Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

Petitioner Shawn Crisp, a federal inmate incarcerated at the Federal Correctional Institution in Milan, Michigan, has filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2241. Petitioner was convicted in the United States District Court for the Western District of Michigan of possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *See United States v. Crisp*, No. 1:08-cr-275. The Court sentenced Petitioner to a 204-month term of imprisonment, to be followed by five years supervised release.

Petitioner has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C § 2241. He contends that the Bureau of Prisons (BOP) should adjust his sentence to credit him for time served in state custody. Petitioner may not seek relief in this Court until he exhausts his available administrative remedies, which he has not done. The Court will dismiss the case without prejudice.

**I.**

The Court must undertake a preliminary review of a habeas petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases;[1] see also 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court may summarily dismiss the petition. *Id.*; *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."). After undertaking Rule 4 review, the Court will dismiss the petition without prejudice for failure to exhaust administrative remedies.

**II.**

A defendant must exhaust all available administrative remedies before pursuing habeas relief under § 2241. *United States v. Dowell*, 16 F. App'x 415, 420 (6th Cir. 2001) ("[A]lthough a prisoner may seek judicial review of the computation of this credit under 28 U.S.C. § 2241, he may do so only after he has sought administrative review and has exhausted all of his administrative remedies."); *see also United States v. Singh*, 52 F. App'x 711, 712 (6th Cir. 2002) ("Complete exhaustion of administrative remedies is a prerequisite to seeking review of the BOP's calculation of sentencing credit."). Federal courts lack jurisdiction to consider claims brought under § 2241 when a defendant fails to exhaust all administrative remedies before filing. *See United States v. Westmoreland,* 974 F.2d 736, 737 (6th Cir. 1992) (reversing and remanding for

---

[1] Rule 4 applies to § 2241 petitions pursuant to Rule 1(b) of the Rules Governing § 2254 Cases.

lack of jurisdiction the district court's denial of a post-conviction motion for sentencing credits under 18 U.S.C. § 3585).

The Bureau of Prisons provides an administrative remedy program to inmates for "review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. The administrative remedy procedures require prisoners to submit a request for administrative remedy to the prisoner's warden, to the Regional Director for the Bureau of Prisons, and to General Counsel for the Bureau of Prisons. See 28 C.F.R. §§ 542.13–15. "An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels." *Irwin v. Hawk*, 40 F.3d 347, 349 n. 2 (11th Cir. 1994).

In this case, Petitioner states that he did not raise his claim through all levels available to him. ECF No. 1 at PageID.6. Where it is apparent from the face of a § 2241 petition that a petitioner did not exhaust administrative remedies, the Court may *sua sponte* dismiss the petition without prejudice. *Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017); *see also Graham v. Snyder*, 68 F. App'x 589 (6th Cir.2003) (affirming district court's *sua sponte* non-prejudicial dismissal of 2241 petition for failure to exhaust administrative remedies). The petition will be dismissed without prejudice.

### III.

Accordingly, **IT IS ORDERED** that the petition for writ of habeas corpus, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**.

Dated: August 12, 2020    s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served **Shawn Crisp** #14021-040, MILAN FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 1000, MILAN, MI 48160 by first class U.S. mail on August 12, 2020.

s/Kelly Winslow
KELLY WINSLOW, Case Manager